IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINA BREWINGTON<br>    Plaintiff<br><br>v.<br><br>DOLLAR GENERAL AND DOLLAR GENERAL CORPORATION AND DOLGENCORP, LLC AND DOLLAR GENERAL, INC. AND JERMAINE MORGAN AND FRED BROWN<br>    Defendants | :<br>:<br>:<br>:<br>:   NO.<br>:<br>:<br>:<br>:   ***NOTICE OF REMOVAL***<br>:<br>:<br>:<br>: |

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**ON NOTICE TO:**
Bentley M. Saul, Esquire
The Saul Building
1313 Race Street
Philadelphia PA 19107
Counsel for Plaintiff

PLEASE TAKE NOTICE that Defendants Dolgencorp, LLC (incorrectly identified as Dollar General, Dollar General Corporation, and Dollar General, Inc.), Jermaine Morgan and Fred Brown (hereinafter "Removing Defendants") hereby remove this action to this Honorable Court pursuant to 28 U.S.C. §1332, 1441 and 1446, with full reservation of any and all defenses and objections.

In support of this Notice of Removal, Removing Defendants respectfully submit as follows:

1.    October 16, 2018 Plaintiff filed a Writ of Summons against the Removing Defendants in the Court of Common Pleas for Philadelphia County styled *Regina Brewington v. Dollar General, Dollar General Corporation, Dolgencorp, LLC, Dollar General, Inc., Jermaine Morgan and Fred Brown.*, October Term 2018 No. 261 (hereinafter "State Court Action"). A copy of the Writ is attached and marked as Exhibit "A."

2. On January 8, 2019 Plaintiff filed a formal Civil Action Complaint against Removing Defendants in the Court of Common Pleas for Philadelphia County styled *Regina Brewington v. Dollar General, Dollar General Corporation, Dolgencorp, LLC, Dollar General, Inc., Jermaine Morgan and Fred Brown.*, October Term 2018 No. 261 (hereinafter "State Court Action"). A copy of the Complaint is attached and marked as Exhibit "B."

3. The Complaint contains no specific prayer for relief other than an allegation the value of the claim exceeds $50,000/the limits for local state court mandatory arbitration. Id.

4. On January 8, 2019, Plaintiff's counsel memorialized a demand of one hundred and thirty five thousand ($135,000) dollars.

5. A review of the allegations of the Complaint, with the demand, provides a good faith basis to determine an amount in controversy in excess of $75,000. See e.g. Lewis v. FCA US LLC, 2015 U.S. Dist. LEXIS 78214 (E.D.Pa. 2015).

6. Removal is timely pursuant to 28 U.S.C. §1446(b) in that this Petition is being filed within thirty (30) days after Defendants received the initial pleading setting forth the claim for relief upon which the action is based.

7. The Court of Common Pleas for Philadelphia County is located within the district for the United States District Court for the Eastern District of Pennsylvania.

8. This Court has jurisdiction pursuant to 28 U.S.C. §1332, in that the true parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. According to the Complaint, Plaintiff is an adult individual citizen of the Commonwealth of Pennsylvania who resides and is domiciled in Philadelphia, Pennsylvania. See Exhibit "A."

10. Defendant Dolgencorp, LLC is a single member, manager managed, limited liability company organized under the laws of Kentucky with its principle place of business in Tennessee and, therefore, citizens of those states in accordance with 28 U.S.C. §1332.

11. Dolgencorp, LLC's single member is Dollar General Corporation which is an entity incorporated, and with a principal place of business in Tennessee and, therefore, citizens of those states in accordance with 28 U.S.C. §1332.

12. Codefendants "Dollar General Corporation," "Dollar General," and "Dollar General, Inc." are misnamed and non-jural parties alleged to be store owners and operators of the subject premises. See Exhibit "A."

13. A party who asserts that a defendant is improper or fraudulently joined must sufficiently support their contention in order to properly excuse their failure to participate in the action. See Katz v. Grayling Corp., 2007 WL 4530997, at 2 (E.D.Pa. Dec.20, 2007).

14. "Dollar General Corporation" is a parent of "Dolgencorp, LLC" with no operating interest in any retail store trading as "Dollar General" and therefore an improper party.

15. It is "deeply ingrained in our economic and legal systems that a parent corporation ... is not liable for the acts of its subsidiaries." Pearson v. Component Tech. Corp., 247 F.3d 471, 484 (3d Cir.2001).

16. "Dollar General" and Dollar General Inc." are non jural/nonexistent legal entities.

17. Defendant Jermaine Morgan is an adult individual who resides and is domiciled in New Jersey which is his true, fixed and permanent home and place of habitation such as whenever he is absent, he has the intention of returning; and thus, he is a citizen in the State of New Jersey pursuant to 28 U.S.C. §1332.

18. Defendant Fred Brown is an adult individual who resides and is domiciled in Delaware which is his true, fixed and permanent home and place of habitation such as whenever he is absent, he has the intention of returning; and thus, he is a citizen in the State of Delaware pursuant to 28 U.S.C. § 1332.

19. Diversity exists as to the proper defendants. See 28 U.S.C. §1332(a)(2); *Moore's Federal Practice* § 107.14(2)(c) ("a federal district court has original jurisdiction of all civil actions in which the amount in controversy is satisfied and the action is between citizens of the state and citizens or subjects of a foreign state. This judicial power has often been referred to as alienage jurisdiction.")

20. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings and Orders that have transpired in the State Court Action have been attached at Exhibit "A" and "B" and "C."

21. In compliance with 28 U.S.C. §1446(d), Removing Defendants will, upon receipt of a federal court docket number, promptly serve the Prothonotary for the Court of Common Pleas for Philadelphia County with a true copy of the within Petition for Removal.

WHEREFORE, the Removing Defendants hereby give notice that the above action now pending against it in the Pennsylvania Court of Common Pleas for Philadelphia County is removed to the United States District Court for the Eastern District of Pennsylvania.

### LOCAL CIVIL RULE 11.2

I, Matthew T. Pisano, Esquire hereby certify pursuant to Local Civil Rule 11.2, that the above captioned matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Respectfully submitted,

**PISANO LAW FIRM**

By: /s/ MTP
Matthew T. Pisano, Esquire
Attorneys for Removing Defendants

Dated: 1/25/19

## **CERTIFICATE OF SERVICE**

I hereby certify that aforementioned was filed electronically and is available for viewing and downloading from the United States District Court ECF System. Service is thereby made on counsel who are registered to file electronically with ECF; otherwise, service will be by way of first class mail, postage prepaid, addressed as follows:

Bentley M. Saul, Esquire
The Saul Building
1313 Race Street
Philadelphia PA 19107

**PISANO LAW FIRM**

By: _____
Matthew T. Pisano, Esquire
Attorneys for Removing Defendants

Dated: 1/25/19